IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Mary L. Johnson, ) | |
| ) | Civil Action No. 0:15-cv-4249-TMC |
| Plaintiff, ) | |
| ) | |
| v.  ) | **ORDER** |
| ) | |
| Nancy A. Berryhill, Acting Commissioner ) | |
| of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

      The plaintiff, Mary L. Johnson ("Johnson"), brought this action pursuant to the Social Security Act ("SSA"), 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security ("Commissioner"),[1] denying her claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(a), D.S.C., this matter was referred to a magistrate judge for pretrial handling. Now before this court is the magistrate judge's Report and Recommendation ("Report"), recommending that the court affirm the Commissioner's decision. (ECF No. 15).[2] In the Report, the magistrate judge sets forth the relevant facts and legal standards, which are incorporated herein by reference. Johnson filed objections to the Report (ECF No. 17), and the Commissioner responded to those objections (ECF No. 19). Accordingly, this matter is now ripe for review.

---

[1] Nancy A. Berryhill became the Acting Commissioner of the Social Security Administration on January 27, 2017. Pursuant to Fed. R. Civ. P. 25(d), Berryhill should be substituted for Carolyn W. Colvin as the defendant in this action.

[2] The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

# BACKGROUND

Johnson applied for DIB in August 2012, and SSI in September 2013, alleging disability beginning on July 6, 2012. Johnson's application was denied initially and on reconsideration. On April 1, 2014, an Administrative Law Judge ("ALJ") heard testimony from Johnson and a vocational expert. During the hearing, Johnson amended her disability onset date to May 1, 2013. On June 16, 2014, the ALJ issued a decision denying Johnson's claim, concluding that she was not disabled from May 1, 2013, through the date of the decision.

In his decision, the ALJ found that Johnson suffered from the following severe impairments: spine disorders, fibromyalgia, torn meniscus (left knee), impingement syndrome of the left shoulder, carpal tunnel syndrome, depression, and neck pain. (ECF No. 10-2 at 15). The ALJ found that, despite Johnson's limitations, jobs existed in significant numbers in the national economy that she could perform. (ECF No. 10-2 at 25). Johnson sought review of her case by the Appeals Council. The Appeals Council denied Johnson's request for review, making the ALJ's decision the final decision of the Commissioner. This action followed.

# STANDARD OF REVIEW

The federal judiciary has a limited role in the administrative scheme established by the SSA. Section 405(g) of the Act provides, "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined . . . as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a de novo review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). Thus, in its review, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations,

or substitute [its] own judgment for that of the [Commissioner]." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996).

However, "[f]rom this it does not follow . . . that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative agency." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). Rather, "the courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that this conclusion is rational." *Vitek*, 438 F.2d at 1157–58.

## DISCUSSION

Johnson submitted a single objection, contending that the magistrate judge erred by finding that the ALJ's decision was supported by substantial evidence despite presenting an allegedly improper hypothetical to the vocational expert ("VE"). Specifically, Johnson argues that the ALJ failed to include Johnson's moderate limitation in concentration, persistence, and pace in the hypothetical causing it to be incomplete.

The ALJ uses five steps to determine a claimant's disability. 20 C.F.R. § 404.1520(a). The relevant steps in this case are steps three, four, and five. At step three, if the ALJ determines that a claimant's medically determinable impairments are not sufficient to automatically entitle the claimant to disability status under the Code of Federal Regulations, then the analysis proceeds to the next step. (ECF No. 10-2 at 14–15). Between steps three and four, the ALJ must determine the claimant's residual functional capacity ("RFC"), which is an individual's ability to do physical and mental work activities on a sustained basis despite limitations from the individual's impairments. *Id.* At step four, the ALJ must determine whether the claimant has the RFC to perform any past relevant work. *Id.* If the claimant lacks the RFC for past relevant

work, the analysis proceeds to step five, where the ALJ must determine whether the claimant has the RFC to perform any other work. *Id.*

In this case, the ALJ determined at step three that "[w]ith regard to concentration, persistence or pace, [Johnson] has moderate difficulties," but, ultimately, did not have an impairment that automatically entitled her to disability status under the Code of Federal Regulations. *Id*. at 17. The ALJ's findings concerning Johnson's concentration, persistence, or pace were directly reflected in the RFC assessment the ALJ undertook before proceeding to step four. (*Id*. at 17) (stating that the "residual functional capacity assessment reflect[ed] the degree of limitation [the ALJ] found in the . . . mental function analysis").

In analyzing Johnson's RFC, the ALJ discussed Johnson's mental impairment and depression, in depth. The ALJ noted that the claimant had not required any inpatient psychiatric hospitalizations for stabilization of symptoms, had not sought mental health treatment, nor had she experienced any episodes of decompensation. *Id* at 22. Moreover, a mental status examination showed that Johnson was alert and cooperative; her thoughts were logical and coherent; and her speech was normal. *Id*.

Notably, in March 2014 the claimant reported that the depression symptoms had only been for the past couple of weeks.[3] *Id*. Additionally, the ALJ found that Johnson's testimony that she performed job searches on the computer while maintaining that she was disabled in an effort to gain unemployment benefits reflected negatively on her credibility. *Id*. Paired with the fact that her assertions of limitations were inconsistent with medical evidence of record, the ALJ found Johnson's "allegations of limitations [to be] not credible to the extent they conflict with the residual functional capacity." *Id*.

---

[3] Johnson originally claimed disability beginning July 6, 2012, but during the hearing she amended her onset date. (ECF No. 10-2 at 13).

The ALJ noted the RFC conclusions reached by the State Disability Determination Services (DDS) medical consultants which found that the claimant was "not disabled," having no reaching limitations or mental limitations. (ECF No. 10-2 at 23). While the ALJ ultimately found greater mental limitations were warranted than DDS, he noted that its findings "[did] not substantially contradict objective findings on examination discussed above, including the claimant's normal gait, intact motor, intact sensation and intact cerebellar function, and the claimant's activities of daily living. *Id*. Finally, the ALJ also considered Johnson's daily activities, including the fact that she drives, and determined that based on the full record, Johnson "is clearly able to do a range of unskilled, light work." *Id*. at 22. He further noted that the full record did not support limitations beyond those included in the RFC. *Id*. at 23–24.

To determine whether Johnson could work despite her limitations under step four, the ALJ asked the VE:

> [I]f you would, assume a hypothetical individual who is able to lift up to 20 pounds occasionally, lift or carry up to 10 pounds frequently, stand or walk for approximately six hours per eight-hour work day and sit for approximately six hours per eight-hour work day with normal breaks. Who can occasionally climb ladders, ropes, or scaffolds. Who can occasionally climb ramps or stairs. Who can frequently balance, occasionally stoop, frequently . . . crouch, occasionally kneel, and occasionally crawl. Whose work is limited to one or two step tasks.[4]

(ECF No. 10-2 at 76). Based on the hypothetical, the VE determined that such a person could not perform Johnson's past relevant work. *Id*. However, based on the hypothetical, the VE testified that such a person could perform other light, unskilled occupations.[5] *Id* at 77.

"In order for a vocational expert's opinion to be relevant or helpful, it must be based upon

---

[4] The hypothetical matches the RFC of Johnson. (ECF No. 10-2 at 17). The ALJ later posed the same hypothetical with the added limitation of never overhead reaching on the left. The VE testified that the alternative occupations that he mentioned would be unaffected by this limitation. (ECF No. 10-2 at 77–78).
[5] The VE gave three examples: sorting, garment sorting, and packaging.

5

a consideration of all . . . evidence in the record, and it must be in response to proper hypothetical questions which fairly set out all of claimant's impairments." *Walker v. Bowen*, 889 F.2d 47, 50 (4th Cir. 1989) (internal citation omitted). "There is, however, no requirement that a hypothetical question contain a function-by-function assessment as required when formulating an RFC. Rather, the hypothetical only needs to include all of the claimant's *credible* impairments." *Torres v. Astrue*, No. 07-2865, 2009 WL 873995, at *8 (D.S.C. Mar. 30, 2009) (unpublished). "Accordingly, if the record does not support the existence of a limitation, the ALJ need not include it in the hypothetical question." *Id.* (citing *Rutherford v. Barnhart*, 399 F.3d 546, 554 (3rd Cir. 2005) ("[T]he ALJ must accurately convey to the vocational expert all of a claimant's *credibly established limitations* . . . .") (emphasis in original)).

The magistrate judge concluded that the ALJ "sufficiently addressed any limitations in Johnson's concentration, persistence, or pace in assessing her residual functional capacity and presenting the hypothetical question to the vocational expert." (ECF No. 15 at 7). Upon reviewing the record, the court agrees with the magistrate judge's Report and concludes that the ALJ posed a proper hypothetical question to the VE and the ALJ's finding was supported by substantial evidence.

Johnson's objection relies on the United States Court of Appeals decision in *Mascio v. Colvin*, 780 F.3d 632, 638 (4th Cir. 2015) which stated that, "an ALJ does not account 'for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work.'" *Id.* (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)). "[T]he ability to perform simple tasks differs from the ability to stay on task." *Id.* The court explained:

> Perhaps the ALJ can explain why Mascio's moderate limitation in

6

>concentration, persistence, or pace at step three does not translate into a limitation in Mascio's residual functional capacity. For example, the ALJ may find that the concentration, persistence, or pace limitation does not affect Mascio's ability to work, in which case it would have been appropriate to exclude it from the hypothetical tendered to the vocational expert. But because the ALJ here gave no explanation, a remand is in order.

*Id*. (citation omitted); *see also Hutton v. Colvin*, No. 2:14-cv-63, 2015 WL 3757204, at *5 (N.D. W. Va. Jun. 16, 2015) (finding that the ALJ adequately accounted for limitations in concentration, persistence, or pace where he reviewed all of the claimant's pertinent medical evidence in the record).

As the magistrate judge noted, the facts in this case are distinguishable from *Mascio*. In *Mascio*, the ALJ's hypothetical question to the VE at steps four and five was held to be legally insufficient because it failed to account for, without any explanation by the ALJ in the RFC assessment, the ALJ's finding of a moderate limitation on the claimant's ability to maintain concentration, persistence, or pace in step three. *Id*. at 638. In this case, as discussed above, the ALJ accounted for Johnson's limitations and credibility by determining her RFC prior to proceeding to steps four and five. Thus, the ALJ properly explained the exclusion of any limitations in Johnson's concentration, persistence, or pace from the hypothetical question posed to the VE in steps four and five. Therefore, Johnson's reliance on *Mascio* is unavailing in this case and her objection is without merit. The magistrate judge correctly found that Johnson failed to show that the Commissioner's decision was unsupported by substantial evidence or reached through the application of an incorrect legal standard.

## CONCLUSION

After carefully reviewing the record, the court finds that the ALJ, in reviewing the medical history and subjective testimony, conducted a thorough and detailed review of Johnson's

impairments, arguments, and functional capacity. Likewise, the magistrate judge considered each of Johnson's arguments and properly addressed each in turn, finding them without merit. The court finds no basis for disturbing the Report. Accordingly, the court adopts the Report and its recommended disposition. Therefore, for the reasons set out above and in the Report, the Commissioner's final decision is **AFFIRMED.**

  **IT IS SO ORDERED.**

s/Timothy M. Cain   
United States District Judge

Anderson, South Carolina
February 13, 2017